EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ VÉLEZ CRUZ, acusado y apelante.

Núm. 6372.—*Sometido:* Febrero 23, 1937. *Resuelto:* Junio 3, 1937.

---

* NOTA: Véase el prefacio.

666

*José M. Valentín Esteves,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

El Pueblo de Puerto Rico presentó acusación contra Juan Vélez Cruz y José Vélez Cruz por el delito de mutilación. El jurado ante el cual se vió el caso absolvió a Juan Vélez Cruz probablemente porque no creyó que éste en verdad infiriera la herida a Juan Alicea, el perjudicado.

La teoría de El Pueblo fué que después que Juan Alicea dejó cierto establecimiento se encontró con los hermanos Vélez Cruz en la carretera y éstos le acusaron de ser un chulo de la policía con respecto a las personas que tenían alambiques y, según el agraviado, le mutilaron.

El perjudicado también declaró que la madre de José Vélez Cruz trató de impedir que sus hijos hirieran a Alicea y mientras realizaba tal esfuerzo ella misma salió herida.

La teoría de la defensa fué que Alicea vino a la casa de los Vélez Cruz en estado de embriaguez y trató de acometer a la madre de estos jóvenes y que ellos tuvieron que intervenir para defenderla. Salió claramente a relucir en el juicio, entre otras cosas, que Alicea nunca había estado antes en la casa de los Vélez Cruz y en general el jurado ante el cual se vió el caso tenía derecho a creer la prueba de cargo y a declarar culpable a José Vélez Cruz. Esto resuelve el sexto señalamiento de error.

El primer señalamiento fué al efecto de que la corte cometió error al no admitir la declaración del testigo de la defensa, Lic. Buenaventura Esteves. Este señalamiento es insuficiente, toda vez que de por sí no no's da idea de lo sucedido, más lo discutiremos hasta cierto punto.

Mientras Juan Alicea estaba en la silla de los tes-

tigos se le hizo un número razonable de preguntas respecto a si no había un proceso pendiente contra él en Aguadilla por haber acometido y agredido a la madre de José Vélez Cruz. Una de las discusiones entre las partes fué respecto a si esta denuncia pendiente fué interpuesta por la policía o por los mismos acusados.

Entonces Buenaventura Esteves, en ausencia del jurado, fué puesto en la silla de los testigos y manifestó en efecto que se le había pedido que interviniera en el caso contra Alicea y que el Procurador General de Puerto Rico le había designado fiscal especial. Luego de oír la declaración del testigo un poco más la Corte de Distrito de Aguadilla decidió que su declaración era totalmente impertinente, que tendía a inducir a error al jurado y que, por otras razones que es innecesario especificar, no admitiría la evidencia. Sucedió que Alicea no había sido arrestado.

Mientras Alicea ocupaba la silla de los testigos y era repreguntado respecto a hallarse pendiente este proceso contra él, no hubo objeción a parte alguna del testimonio y desde luego la corte tenía amplia discreción durante el contrainterrogatorio. No obstante, tenemos la idea de que la corte, de haberse presentado la correspondiente objeción, hubiera podido, en este caso específico, haber excluído el testimonio, puesto que el mismo no tendía en forma alguna, por lo menos legalmente, a impugnar el testimonio de Alicea.

Sin embargo, la declaración de Buenaventura Esteves era inadmisible más o menos por las razones dadas por la corte inferior.

A este respecto Wigmore, en su tratado sobre Evidencia (2da. ed.) tomo 2, sec. 982, pág. 365, dice:

"Las cortes que adoptan uno u otro de los criterios anteriores, prestan a veces atención hacia la distinción existente entre mala conducta en sí y una mera *acusación de mala conducta*. Al hacerse esto, se deduce que no se permitirá que un mero *arresto o acusación* sea investigado; toda vez que el hecho del arresto o la acusación es muy consistente con la inocencia de la persona, y puesto que el re-

cibir tal prueba equivale a admitir prueba de referencia sobre la culpabilidad del testigo. El admitir esto conlleva una violación tanto de la regla contra prueba de referencia como de la regla que prohibe testimonio extrínseco de mala conducta. El único fundamento posible para que se permita que salgan a relucir tales hechos es que el mero hecho de haber sido arrestado o procesado es una situación desgraciada que indica que hay algún punto vulnerable en la integridad de carácter del testigo. Tal noción es enteramente consistente con las ideas sociales en Inglaterra, por lo menos en una generación pasada; en su consecuencia, hallamos que el hecho de arrestarse o procesarse a una persona se considera allí (y asumido sin lugar a duda) como pertinente, en las resoluciones dictadas a principios del siglo 19. Pero esta noción no tiene una sana justificación, y conlleva la injusticia de someter al testigo a sospechas sin darle la oportunidad de defenderse. Debe ser entendido por todas las cortes que la única circunstancia relevante lo es la conducta efectiva, es decir, el hecho, y no la imputación, de haberse portado mal. Si es impropio probar esto por medio de prueba extrínseca, es doblemente impropio tratar de probarlo con prueba de referencia y triplemente impropio cuando ello va acompañado de la prohibición de que el testigo u otros a su nombre refuten la prueba de referencia.''

En tanto en cuanto el testimonio de Esteves tendía a contradecir a Alicea, el mismo era inadmisible toda vez que se refería a una cuestión colateral. Wigmore on Evidence (2da. ed.) tomo 2, sec. 1001 y 1002.

La corte expuso varias razones por las cuales no admitía que la defensa mandara a buscar al secretario de la corte municipal para demostrar una acusación contra Alicea. En ejercicio de su discreción no solamente tenía derecho a negar esta oferta, hecha tardíamente durante el juicio, sino que estuvo justificada al negarse a ello por razones similares a las ya discutidas. Esto resuelve el segundo señalamiento de error.

No creemos que la corte inferior cometiera error en absoluto al permitir que se hiciera la siguiente pregunta durante el contrainterrogatorio de uno de los testigos del acusado: ''Dígame, ¿quién es el querido de Filomena? No podemos ver ningún abuso de discreción, y el error, de haberlo, no fué perjudicial.

Tampoco fueron perjudiciales las tentativas hechas por el fiscal para demostrar la mala reputación del acusado. Esto es objeto del cuarto señalamiento de error.

El quinto señalamiento se funda en el hecho de que la corte declaró sin lugar una moción de nuevo juicio. Como ésta sólo cubría cuestiones que ya han sido discutidas, no se cometió error alguno.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila, no intervino.